## MRS. J. M. BLAIR v. STATE.

No. A-7663.   Opinion Filed Nov. 19, 1930.

(293 Pac. 275.)

J. Roy Orr, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted of the crime of maintaining a disorderly house, and her punishment fixed by the court at a fine of $100.

Without going into detail, it is enough to say that the evidence of the state establishes the guilt of the defendant beyond a reasonable doubt.

The defendant contends that the court erred in overruling her demurrer to the information, the charging part of which reads as follows:

"On or about the 18th day of August, in the year of our Lord one thousand nine hundred and twenty-nine and for some time prior thereto, at and within said county and state did then and there intentionally, willfully and unlawfully keep and maintain a disorderly house, or place of public resort, to wit:   what is known as the Upchurch

Hotel in Anadarko, Okla., wherein and by which the peace, comfort and decency of the immediate neighborhood is habitually disturbed, and in said house, for their own gain and lucre, certain evil disposed persons, men as well as women of the evil name, fame and conversation to come together, at night as well as by day, there to remain and be drinking, cursing, swearing, quarreling, whoring and otherwise misbehaving themselves, and permitting others therein to so misbehave, to the injury and common nuisance of all the peaceable citizens of the community, contrary to the form of the statute," etc.

The first contention of defendant is that the information is duplicitous, in that it charges the defendant both with the keeping of a disorderly house and also with the keeping of a bawdyhouse in the same count of information.

In the case of Putnam v. State, 9 Okla. Cr. 535, 132 Pac. 916, 46 L. R. A. (N. S.) 593, in the third paragraph of the syllabus, this court said:

"The terms 'bawdyhouse' and 'disorderly house' are used interchangeably and mean the same thing."

This information charges but one offense, the maintaining of a disorderly house, and the defendant's demurrer was properly overruled.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.